Prout, *et al.*, *vs.* Berry and wife.—1844.

JONATHAN PROUT, *et al.*, *vs.* Z. BERRY, AND WIFE.— *December*, 1844.

The Legislature have no power in any given determination of the Court of Appeals, to declare what would be the rights of the parties. That is a judicial power which the Legislature does not possess.

Where the Court of Chancery, in 1838, directed certain parties to a cause, to pay their proportion of certain annuities, and the persons supposed to be aggrieved had lost their right of appeal by lapse of time, and in 1843 obtained an act, by which this Court was authorised and required to take cognizance of, and hear and determine the said cause "in manner and to every effect as if such transcript had been in due time transmitted." HELD, that this court was bound to presume, that in compliance with the order of 1838, the appellees' proportion of the annuity had been paid, and this court could not determine the case in manner, and to every effect, as if the appeal had been taken in due time.

A legislative act authorising an appeal must either be capable of being complied with by the court, and the terms of the grant followed, or the act must be unconstitutional.

The legislature may pass laws conferring on this court the right to hear appeals in special cases, after the time allowed by the general law had passed by; but such a law, to have efficacy, must leave this court untrammelled, as to the mode or manner of administering justice.

APPEAL from the Court of Chancery.

(See this case reported in 12 *Gill & John.* 285. December 1841.)

At this court, the appellees moved to dismiss the appeal, which had been brought up under the act of 1843, chap. 343, viz :

"*An act for the relief of Jonathan Prout and others.*

WHEREAS, *Jonathan Prout,* and *Ann,* his wife, *Thomas T. Gantt, Benjamin S. Gantt* and *Levi Gantt,* have represented to the General Assembly, that they heretofore entered an appeal to the Court of Appeals, against *Zachariah Berry, jun'r.* and wife, in a case in chancery between *Sarah S. Garrett, William O. Sprigg* and others, complainants, and *Christopher L. Gantt* and *Benjamin L. Gantt* and others, defendants, and that the transcript of the proceedings was not transmitted to the Court of Appeals, by the late register in Chancery, within the time limited by law, by reason whereof the said cause was excluded from a hearing before the said court :—Therefore,

*Be it enacted by the General Assembly of Maryland,* That the register of the Court of Chancery be, and he is hereby authorized and directed, to make out and transmit to the Court of Appeals a transcript of the proceedings in the said cause, and the said court are hereby authorized and required to take cognizance of and hear and determine the cause, in manner, and to every effect, as if such transcript had been in due time transmitted on the said appeal to the Court of Appeals, according to the acts of Assembly, in such cases made and provided ; *provided,* said transcript be transmitted within sixty days from the day of the passage of this act, and the said cause shall stand for hearing at the June term, eighteen hundred and forty-four, of said Court of Appeals."

The motion was argued before ARCHER, DORSEY, CHAMBERS, SPENCE, STONE and SEMMES, J.

By PRATT and ALEXANDER for the motion, and
By TUCK and RANDALL, contra.

ARCHER, J., delivered the opinion of this court.

It appears by the recital to the act of assembly of 1842, *ch.* 168, that this case was originally dismissed by this court, be-

cause the late register in chancery had omitted to transmit a transcript of the proceedings to this court, within the time prescribed by law, and without any neglect on the part of the appellants. By that law, the case was directed to be reinstated, and brought up by regular continuances, and to be heard at *June* term, 1843.

The case was again dismissed by this court, because it was of opinion, that the legislature possessed no power in any given determination of the Court of Appeals, to declare what would be the rights of the parties : for however consistent with justice and equity such a declaration may have been, the legislature could exercise no judicial power.

The case is brought up again, under the *act of* 1843, *ch.* 343, and a motion has, again, been made to dismiss the appeal. The ground of the application is, that the court "are authorised and required to take cognizance of, and to hear and determine the cause in manner, and to every effect, as if such transcript had been in due time transmitted, on the said appeal, to the Court of Appeals, according to the acts of Assembly, in such case made and provided;" and, it is insisted, that this mandate of the law cannot be obeyed by this court, without the most flagrant injustice. That the result of a hearing and decision of this case, to *every effect* as if the record had been transmitted in time might, and we are bound to suppose would, have the effect of divesting vested rights.

The order of the chancellor directs the devisees, among others, the appellees, to pay their proportion of certain annuities left by the testator, *Levi L. Gant*. This order was passed by the chancellor, on the 3rd of November 1838. The court are bound to presume, that in compliance with this order the appellees proportion of such annuities has been regularly paid. What then would be the effect of a reversal of the chancellor's decree, in pursuance of the terms of the act? This court are to determine the case, in manner, and to every effect, as if the appeal had been taken within the time prescribed by law.

If it be the duty of the court under this act, and we think it would be if the act is to govern, to determine this case to every effect as if the appeal had been in due time, we could in no manner notice any payments made by the appellee in pursuance of the chancellor's order, and the appellees must sustain a loss co-extensive with payments by them made. A law, attended with such consequences, could not be constitutionally passed by the legislature.

Whatever might be said, were the question a new one as to the power on the part of the legislature to confer on this court the right to hear appeals in special cases, after the time allowed by the general law for an appeal had passed by, it is now too late to question it. But such a law, to have efficacy, must leave us untrammelled as to the mode or manner of administering justice.

A special law has been referred to, with similar phraseology with the one now under consideration, under which this court acted. There was not however, there, as here, any thing in the character of the proceedings, which either indicated, that by entertaining the appeal the rights of any would be injuriously affected; nor, in fact, were such rights in any manner thereby affected.

APPEAL DISMISSED.